The opinion of the Court was delivered by
Tilghman C. J.
This is a proceeding under the landlord and tenant act, instituted by Samuel Fahnestock and others *178 against John Faustenauer. The complainant made an appliestion to two justices, who issued a venire facias, by virtue of which a jury was summoned, and an inquest held. The gntjjng 0f the jury was very singular ; barely, “ that the facts stated in the within venire facias, are true.’’ What then arc the facts stated in the venire facias ? The venire facias contains a recital, that it had been proved before the justices, &c. [His honour here read the recital in the venire facias.] Now what is the meaning of the inquisition ? Is it meant, that it was true, that due proof had been made before the justices of the other facts stated in the venire ? If that was the meaning, the finding is insufficient, because the jury themselves must find the truth. But it is said, on behalf of the complainants, that the meaning was, that the facts concerning the lease, &c. were true ; and that the finding was good, because it was rendered certain by reference to the venire. I have never known an inquisition of this kind, and it would be difficult to support, even if -the reference were made with greater precision than is done in this.
But I do not think that this can be supported, for several reasons. There are many facts stated in the venire facias, and if the jury meant that all those facts were true, they should have said so expressly; because some may be ti-ue, and some not so. I think too, that it should have been expressly found, et that the term was fully endedf for so the act of assembly requires. In truth, I am at a loss to understand from this record, what was the real situation of the landlord and tenant. A lease was made on the 10th April, 1810, for the term of one year then next ensuing, by virtue of which the tenant entered into the possession of the premises at the commencement of the lease, and held and detained the same at the time of issuing the venire facias, to the damage of the landlord, &c. and for the unjust detention the jury assessed damages at 21 dollars 33 cents, besides costs. But, did the tenant hold the premises against the will of the landlord the whole time from the expiration of the first year to the taking of the inquest, or not ? If he did, 21 dollars S3 cents were very inadequate damages. But if the tenant had been permitted to remain from year to year, then a new year having commenced on the 10th April, 1814, the tenant" would have had a right to hold for that year, and the notice to quit in thi'ee months, dated 22d April, 1814, *179 would have been illegal. It is remarkable, that the venire facias does not assert, that the tenant held the premises to the damage of his landlord, the whole time from the expiration of the first year, to the time of issuing the venire; the words are these : — “ by virtue of which said demise, the said John Faustenauer, on the day and year aforesaid, at the county aforesaid, entered into the possession of the premises aforesaid, and still holds and detains the same to the great damage ,” &?c. Now when we are left at a loss., to know how matters really stood between these parties, and are to make it out by conjecture, or, at best, by inference, the inquisition cannot be good. It is a summary proceeding, and therefore every requisite of the act of assembly should be substantially complied' with. The necessary facts should, be clearly and positively found. It is the opinion of the Court, that they are not so found, and therefore, the proceedings should be quashed.
Proceedings quashed.