2          293
26 SC ²649

## Hohly *v.* German Reformed Society.

A demise at will, in consideration of services rendered annually to a religious society as foresinger and organist, is not within the act of 1772, for uncertainty in the rent.
Under this act, the determination of the term must be distinctly found; it is not sufficient for the inquest to find a tenancy at will, and a notice to quit prior to the commencement of the proceedings.

Error to the Common Pleas of Lehigh county.

*March* 18.—The German Reformed and German Lutheran Societies gave notice to Hohly to quit the premises, which he held as tenant from year to year. Three months afterwards they made their complaint by a committee, before two justices, setting forth their title in trustees, and "That several years since a certain George Hohly was permitted by the congregations aforesaid, to possess and occupy the said premises as tenant at will, as part consideration for his services to be rendered in the said congregations, as foresinger and organist, and that he has since so possessed them, rendering the aforesaid services, in payment of rent for the same;" their desire to repossess, notice, refusal, &c. Upon which a warrant issued. The inquest found the title in trust for the German Reformed Society, the terms of the demise as stated above, and the entry and possession, "for such rent rendered annually," &c., as in the complaint. A writ of possession for the two societies was executed accordingly. On certiorari, (Banks, President, dissenting,) the proceedings were affirmed with costs by the court. The errors assigned were the exceptions below, of which so many as were for matters apparent on the record are,

1. The proceedings did not set forth that the term had expired.

2. Nor that any certain rent was reserved.

3. That only one society was found entitled.

4. The notice was to him as tenant from year to year, and the proceedings against him as tenant at will.

5. The title being in trustees, the proceedings should have been by them.

6. Inquest was defective for the reasons above stated.

*William Porter* and *King*, for plaintiff.—The act of 1772, Purd. Dig. 927, expressly and throughout makes the determination of the lease a necessary fact. And it also confines the proceedings to cases of certain rents. 2 Serg. & Rawle, 486 ; 3 Penna. 34, 55, are express to this effect. These facts must also be stated in the inquest, Fahnestock *v.* Faustenauer, 5 Serg. & Rawle, 174.

*Bridges,* contrà.—The term was ended at the election of the parties, and this fact appears on the inquest. Whatever can be rendered certain is sufficient, 3 Penna. 55, 56, and that is so here. 5 Binn. 228. We will pay the costs if the court should think proper to reverse the proceeding without a writ of restitution.

*March* 30. GIBSON, C. J.—This court certainly went far in Shaffer *v.* Sutton, by ruling that payment of taxes, and the chinking and daubing of a house, was a certain rent within the purview of the act of 1772. It was held in Scott *v.* Fuller, 3 Penna. 55, that the quantity, quality, and duration of the rent need not be specified; but it was said in Steele *v.* Thompson, 3 Penna. 34, that the landlord and tenant act was intended for plain and simple cases, in which the rent and the nature of the tenure are certain ; in accordance with which, it was ruled in Scott *v.* Fuller, that the service of taking care of the lessor's grain on the farm, and keeping the cattle out of the fields, was not a certain rent within the statute, because it could not be enforced by distress or action ; and there is nothing more certain in the services of a person employed as foresinger, sexton, and organist of a congregation. Rent is certain enough when it can be reduced to certainty by reference to a subject in existence at the time of the contract; but not by reference to contingent services, whose quantity is to be ascertained only after actual performance.

The exception that the inquest have not expressly found that the lease was ended, is equally founded. The fact might perhaps be inferred from the date of the notice and the entry of the plaint ; but it is the business of an inquest, or a jury, to find facts, and not the evidence of them. In accordance with this principle, it was ruled in Fahnestock *v.* Faustenauer, 5 Serg. & Rawle, 174, that all the component parts of the case committed to the justices and inquest, should be distinctly found ; not left to inference or conjecture. The very words of the statute seem to require it; for the whole case must appear in the inquisition without reference to any other part of the proceedings. As the preceding exceptions are fatal, it is unnecessary to go further.

Judgment reversed, and proceedings quashed, but no writ of restitution awarded.